**CHURCH OF SCIENTOLOGY OF CALIFORNIA, Plaintiff,**

**v.**

**DEPARTMENT OF STATE et al., Defendants.**

Civ. A. No. 77–1320.

United States District Court, District of Columbia.

June 19, 1980.

Andra N. Oakes, William A. Dobrovir, Washington, D. C., for plaintiff.

Stephen S. Cowen, Asst. U. S. Atty., U. S. District Court, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, District Judge.

This suit was brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, by the Church of Scientology against the Department of State, *et al.* Before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Motion for More Detailed Justification, Additional Records and Reconsideration of the Court's Protective Order. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and Rule 56 of the Federal Rules of Civil Procedure. There are four issues involved: (1) is Defendants' index adequate, (2) have Defendants met the segregability requirement, (3) have Defendants exercised exemptions properly, and (4) should the Court reconsider its Protective Order banning further discovery.

### I. PROCEDURES FOLLOWED

As established in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), and subsequently reiterated in *Ray*

**420**

*v. Turner,* 587 F.2d 1187 (D.C.Cir.1978), a District Court should follow a three step procedure to assure responsible *de novo* review of agency action on a FOIA request. The Court in *Ray v. Turner, supra,* at 1191–92, summarized the steps:

(1) [The Court should require] that the agency submit a "relatively detailed analysis [of the materials withheld] in manageable segments." "[C]onclusory and generalized allegations of exemptions" would no longer be accepted by reviewing courts. . . . (2) "[A]n indexing system [that] would subdivide the document under consideration into manageable parts cross-referenced to the relevant portion of the Government's justification" . . . This index would allow the district court and opposing counsel to locate specific areas of dispute for further examination and would be an indispensible aid to the Court of Appeals reviewing the District Court's decision. (3) "[A]dequate adversary testing" would be ensured by opposing counsel's access to the information included in the agency's detailed and indexed justification and by *in camera* inspection, guided by the detailed affidavit and using special masters appointed by the court whenever the burden proved to be especially onerous.

■ This Court has not accepted abstract or conclusory claims of FOIA exemptions. In the case at bar, the Court did not accept Defendants' five initial affidavits regarding documents 1–89. Rather, on March 1, 1978, the Court ordered Defendants to submit a detailed *Vaughn* index for documents 1–89, subdivided into manageable parts, and cross-referenced to the government's justifications for non-disclosure. On May 3, Defendants satisfied the Court's Order by providing detailed, document-by-document descriptions of the substance of documents 1–89 divided into manageable segments. In recognition of Defendants' good faith efforts to provide non-conclusory *Vaughn* indexes and justifications, the Court granted Defendants' Motion for a Protective Order prohibiting further discovery. On October 2, 1978, Plaintiff requested documents referenced in material disclosed pursuant to Plaintiff's original request. In response, the government released documents 90–92 in part and documents 93–100 in full. Defendants also submitted six additional affidavits, further indexing documents 1–89 and providing more specific justifications for deletions. For documents 1–100, the original index or supplemental affidavits state (1) who prepared the document, (2) to whom it was sent, (3) when it was sent, (4) what exemptions are applicable, (5) whether the materials are segregable, (6) a description of the document, and (7) justification for the exemption. The indexing requirements for these documents have therefore been met. *See Church of Scientology v. Bell,* No. 76–1006, slip op. at 2 (D.D.C., Jan. 29, 1980).

■ Plaintiff has also asked this Court to order Defendants to provide non-conclusory *Vaughn* indexes for referenced documents Request Nos. 1–21 and for secondarily referenced documents ABIJAN 2824, STATE 169389, STATE 208221 and "enclosure," STATE 132692 and "report of Greek authorities." The Defendants claim that these twenty-seven documents (some of which have been released in part or in full) fall outside the scope of Plaintiff's original request. Plaintiff's original FOIA request sought all records in the Department of State concerning the Church of Scientology, and FBI records for transmission of any information on Scientology to foreign governments, Interpol or municipal agencies. The context and titles of these additional documents, which Plaintiff has specifically identified from records previously disclosed, appear directly related to the Department of State investigation of the Church of Scientology. Consequently, the documents fall within the scope of Plaintiff's FOIA request, and must be disclosed unless an adequate *Vaughn* index is submitted.

■ Plaintiff contends that Defendants have not satisfied the segregability requirement for documents 1–100. Plaintiff's as-

sertion is incorrect. In most[1] instances, only small segments of documents 1–100 have been deleted. These deletions involve names or confidential information that is clearly exempt. *See* discussion, *infra.* Moreover, Defendants have not shifted their burden of justifying non-disclosure to the Court "by sweeping, generalized claims of exemption." *Mead Data Central Inc. v. USAF*, 566 F.2d 242, 260 (D.C.Cir.1977). Instead, they have set forth specific descriptions of each deleted portion and have explained the reasons for each deletion. The segregability requirement has been met.

## II. PARTICULAR EXEMPTIONS CLAIMED

■ Exemption 6 of FOIA, 5 U.S.C. § 552(b)(6), permits agencies to withhold information to protect individuals' privacy. Exemption 6 states:

(b) This section does not apply to matters that are . . . (6) personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

The legislative history of Exemption 6 is informative. H.R.Rep.No.1497, 89th Cong., 2d Sess. 11 (1966), U.S.Code Cong. & Admin.News 1966, pp. 2418, 2428 notes:

The limitation of a "clearly unwarranted invasion of privacy" provides a proper balance between the protection of an individual's right of privacy and the preservation of the public's right to Government information by excluding those kinds of files the *disclosure of which might harm the individual.* (emphasis added).

Similarly, the S.Rep.No.813, 89th Cong., 1st Sess., 9 (1965) explained:

The phrase "clearly unwarranted invasion of personal privacy" enunciates a policy that will involve a balancing of interests between protection of an individual's private affairs from *unnecessary public scrutiny,* and the preservation of the public right to government information. (emphasis added).

Exemption 7(C), like Exemption 6, allows agencies to withhold material to safeguard personal privacy. Exemption 7(C) bars disclosure:

[of] investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . constitute an unwarranted invasion of personal privacy.

The Exemption 7(C) standard is less stringent than the Exemption 6 standard since the term "clearly" is deleted, but the purposes are similar. *Church of Scientology v. Bell, supra,* slip op. at 6. In the instant litigation, Defendants have withheld, pursuant to Exemptions 6 and 7(C), the identities of third persons who provided information and participated in the investigation of the Church of Scientology. Unless there is a public interest in the disclosure of names, Exemption 6 or 7(C) deletions are appropriate. *Dept. of the Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Getman v. NLRB*, 450 F.2d 670 (D.C.Cir.1971); *Wine Hobby U.S.A., Inc. v. U. S. Bureau of Alcohol, Tobacco, and Firearms*, 502 F.2d 133 (3d Cir. 1974). Plaintiff has not shown that a public purpose would be served by the disclosure of the names in question. Furthermore, Plaintiff has a practice of harassing its "suppressors." Some documents, such as numbers 1, 33, 81, and 87, describe bizarre situations and harsh punishments involving disenchanted Scientologists. In addition, Church leaders have been found liable for malicious prosecution and convicted of theft of government documents. *See Allard v. Church of Scientology*, 129 Cal.Rptr. 797 (Cal.App. 1976), *cert. denied*, 429 U.S. 1091, 97 S.Ct. 1101, 51 L.Ed.2d 537 (1977); *United States v. Hubbard*, 474 F.Supp. 64, 70–71 (D.D.C. 1979). Given Plaintiff's "policy and history of seeking retribution against its perceived enemies," *Church of Scientology v. Bell, supra,* slip op. at 4, the Exemption 6 and 7(C) claims must be upheld. *Id.*, at 3, 4; *see also Church of Scientology v. Depart-*

---

1. Defendants correctly contend that segregation is unnecessary for six of the twelve documents withheld pursuant to Exemption 1. *See* discussion, *infra.*

*ment of Army, et al.*, 611 F.2d 738, 744–48 (9th Cir. 1979); *Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978).

Exemption 1 states that documents are exempt when they are:

(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order.

Executive Order 12065, which supercedes Executive Order 11652, states that documents are properly classified if their disclosure "could reasonably be expected to cause at least identifiable damage to the national security." The Order further provides that "unauthorized disclosure of foreign government information or the identity of a confidential foreign source is presumed to cause at least identifiable damage to national security." Foreign government information is defined as "information provided to the United States in confidence by, or produced by the United States pursuant to a written joint arrangement requiring confidentiality with, a foreign government or international organization of governments." Thus, if material reveals (1) information provided in confidence by a foreign government, (2) information provided by the United States to a foreign government in confidence pursuant to a written agreement, or (3) a confidential foreign source, it is exempt. *See Church of Scientology v. Turner*, No. 75–1048 slip op. at 4 (D.D.C. Dec. 13, 1979).

Twelve documents have been withheld pursuant to Exemption 1. The nine government affidavits indexing these documents reveal that six of the documents are verbatim copies of information provided in confidence by foreign governments. The other six documents contain information which, if disclosed, would reveal a confidential foreign source. Only this information has been withheld from the latter six documents. These affidavits are clear and convincing, and must be accorded "substantial weight" by this Court. *Ray v. Turner, supra*, at 1194. The Court concludes that the government properly withheld, in whole or in part, these documents.

Defendants have met the segregability requirement for six of the Exemption 1 documents, but admittedly refused to do so for the six documents provided in confidence by foreign governments. Plaintiff contends that the requirement must be met for these documents, citing *Church of Scientology v. Bell*, 603 F.2d 945, 950–51 (D.C.Cir.1979). This contention is misplaced. The segregation requirement exists so that information which would be disclosed but for its nexus with exempt information is provided to the FOIA Plaintiff. All information provided in confidence by foreign governments to the United States is, under terms of Executive Order 12065, exempt. This broad exemption exists because it is disclosure *qua* disclosure, and not disclosure of information, that would cause "at least identifiable damage to the national security." Since everything in those six documents is by definition exempt, the segregability requirement is inapplicable to them. Defendants' Exemption 1 claims prevail.

Exemption 7(D) permits an agency to withhold information contained in records compiled for law enforcement purposes if disclosure would reveal "the identity of a confidential source." *See Church of Scientology v. Bell, supra*, slip op. at 4. Defendants' affidavits explain, in detail, that information was withheld only if it revealed the name or identifying information of a confidential source. This information was properly withheld. *Id.; U. S. v. Nix, supra*, 1003–1004. Defendants have withheld one document, claiming that the information itself would reveal a foreign confidential source. This document is a report submitted by a foreign law enforcement agency in confidence. Disclosure of the information in the report would reveal the area of investigation, and therefore the source of the report. It is exempt in its entirety. *See Mitsubishi Elec. Co. v. Dept. of Justice*, No. 76–813, slip op. at 6 (D.D.C. April 1, 1977).

Exemption 3 provides that an agency need not release information which is:

specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

Defendants have withheld one document pursuant to Exemption 3, relying upon Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). The pertinent sections of this statute satisfy the criteria mandated by Exemption 3. Section 222(f) provides that "[t]he records of the Department of State . . . pertaining to the issuance or refusal or visas or permits to enter the United States shall be considered confidential . . . ." The document in question is a permanent record of the State Department that pertains directly to Defendants' refusal to issue an entry Visa. It was therefore properly withheld pursuant to Exemption 3.

### III. RECONSIDERATION OF PROTECTIVE ORDER

The Defendants have already provided extensive discovery in this litigation. In addition, the Defendants have supplied an adequate *Vaughn* index for documents 1–100. Finally, the Court is ordering the Government to submit a detailed *Vaughn* index for Request Nos. 1–21 and the six documents referenced therein. For the reasons stated, the Court maintains the Protective Order, banning further discovery in this case. An appropriate Order follows this Memorandum Opinion.