**Raul MEDINA-HINCAPIE, Appellant,**

v.

**DEPARTMENT OF STATE, et al.**

No. 82–1202.

United States Court of Appeals, District of Columbia Circuit.

Argued 17 Jan. 1983.

Decided 25 Feb. 1983.

WILKEY, Circuit Judge:

This case presents the question whether the Freedom of Information Act (FOIA)[1] requires the State Department to disclose to an unsuccessful visa applicant information pertaining to the denial of his visa application. We conclude that the information in question falls within FOIA's Exemption 3 and, accordingly, affirm the district court's judgment in favor of the State Department.

## I. BACKGROUND

Raul Medina-Hincapie, a Colombian national, sought entry to the United States by applying for an immigrant visa in 1977. On 24 June 1977 State Department officials denied that application. Believing that the denial was based on erroneous information, Medina-Hincapie filed a FOIA request with the State Department seeking copies of "all notes, memoranda, correspondence, and other records relating in any way to Mr. Medina-Hincapie's visa application or its denial."[2] The Department denied this request on 13 August 1979, concluding that since information contained in a visa application is protected from disclosure by section 222(f) of the Immigration and Nationality Act (INA),[3] the requested documents were exempt from FOIA's disclosure provisions under FOIA's Exemption 3.[4]

Medina-Hincapie administratively appealed the denial of his FOIA request and, when the Department failed to respond within the requisite time period, filed the present action seeking *de novo* review of the Department's refusal to disclose the requested information. Three months later, pursuant to a stipulation of the parties, the Department supplied Medina-Hincapie with a document index briefly describing the 28 documents coming within the scope of his FOIA request. At the same time, the Department returned some documents to Medina-Hincapie. These included documents,

Diane E. Ambler, Washington, D.C., with whom Edward J. Krauland, Washington, D.C., was on the brief, for appellant.

John C. Martin, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before WILKEY, WALD and MIKVA, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILKEY.

**1.** 5 U.S.C. § 552 (1976 & Supp. V 1981).

**2.** Plaintiff's Complaint for Injunctive Relief, Exhibit A at 1.

**3.** 8 U.S.C. § 1202(f) (1976).

**4.** 5 U.S.C. § 552(b)(3) (1976).

applications, and letters filed by Medina-Hincapie or his attorney and responses sent by the Department to Medina-Hincapie and his attorney. The Department returned these documents because it determined that since Medina-Hincapie had at one time or another possessed each of these documents (either directly or constructively through his attorney) they were not covered by the confidentiality limitation of section 222(f) and therefore were not protected under Exemption 3. However, the Department continued to withhold the majority of the documents, relying on Exemption 3.[5] On 31 December 1981 the district court, without opinion, entered judgment for the Department. This appeal followed.

## II. APPLICABILITY OF EXEMPTION 3

■ As this court has previously noted, "FOIA combines a strong disclosure mandate with nine rather specific exemptions."[6] Thus, as the Supreme Court has observed, "unless the requested material falls within one of these nine statutory exemptions, FOIA requires that records and material in the possession of federal agencies be made available on demand to any member of the general public."[7] The State Department determined that the material requested by Medina-Hincapie was exempted from FOIA's disclosure provisions by Exemption 3. The correctness of that determination is the only issue presented in this appeal.

Exemption 3 removes from the disclosure mandate of FOIA matters "specifically exempted from disclosure by statute . . ., provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."[8] Thus, in order to determine the propriety of the Department's denial of Medina-Hincapie's request we must engage in a two-step analysis. First, we must decide whether section 222(f) qualifies as a withholding statute under Exemption 3. Second, we must determine whether the material requested by Medina-Hincapie is "specifically exempted from disclosure" by section 222(f). Applying this two-step analysis, we conclude that the Department's denial of Medina-Hincapie's FOIA request was proper.

### A. Section 222(f) as an Exemption 3 Statute

Section 222(f) of the Immigration and Nationality Act provides:

> The records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States, except that in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court.[9]

In order to qualify as a withholding statute under Exemption 3, a statute must either[10] require that matters be withheld

---

5. On 25 June 1980 the Department filed an affidavit stating that it had discovered 11 additional documents covered by Medina-Hincapie's request during a review of the record system of the U.S. Embassy in Bogota. Thus, the request covered 39 documents in all. The Department continues to withhold 21 documents in whole and 2 in part.

6. *Irons & Sears v. Dann,* 606 F.2d 1215, 1219 (D.C.Cir.1979), *cert. denied,* 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980).

7. *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 221, 98 S.Ct. 2311, 2316, 57 L.Ed.2d 159 (1978).

8. 5 U.S.C. § 552(b)(3) (1976).

9. 8 U.S.C. § 1202(f) (1976).

10. "It is quite clear that the requirements set forth in [Exemption 3] are phrased in the disjunctive, and it is therefore sufficient if either prong of the proviso is satisfied." *Irons & Sears v. Dann,* 606 F.2d 1215, 1220 (D.C.Cir.

from the public in such a manner "as to leave no discretion on the issue," [11] or establish "particular criteria for withholding or refer[ ] to particular types of matters to be withheld." [12] Every court which has considered the issue has concluded that section 222(f) qualifies as an Exemption 3 statute.[13] The only disagreement has been whether the statute qualifies under subsection (A) or (B).[14] We conclude that it qualifies under both.

■ Subsection (A) "embraces only those statutes incorporating a congressional mandate of confidentiality that, however general, is 'absolute and without exception.' " [15] It is clear that section 222(f), by its terms, incorporates a congressional mandate of confidentiality.[16] However, Medina-Hincapie argues that section 222(f) cannot qualify under Exemption 3(A) because it expressly authorizes the Secretary to use his discretion in limited circumstances, authorizing him to provide certified copies of the material to "a court which certifies that the information . . . is needed . . . in the interest of the ends of justice in a case pending before the court." [17] Since the confidentiality mandate in section 222(f) is not absolute, Medina-Hincapie contends, that statute does not meet the requirements of subsec-

tion (A). This argument falls short, however, when both Exemption 3(A) and section 222(f) are carefully examined.

■ Although Exemption 3(A) applies only to statutes which "leave no discretion" to the administrative agency, that limitation applies only to the decision whether matters should be withheld *"from the public."* [18] Under section 222(f) the Secretary of State has no authority to disclose material to the public. In that sense the confidentiality mandate is absolute; *all* matters covered by the statute "shall be considered confidential." The Secretary has the discretion to disclose section 222(f) material to a court which certifies that the information is needed in the interest of justice in a pending case, but that authority does *not* relieve the Secretary of the mandate to treat the matter as confidential. The statute thus permits the Secretary to do only that which any agency subject to a confidentiality requirement would be required to do if it received a court order or subpoena to produce specified documents. Therefore, since the discretion granted the Secretary under section 222(f) does not relieve him of his absolute duty to keep the matters confidential,[19] we hold that the statute qualifies

1979), *cert. denied,* 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980).

**11.** 5 U.S.C. § 552(b)(3)(A) (1976).

**12.** *Id.,* § 552(b)(3)(B).

**13.** *De Laurentiis v. Haig,* 686 F.2d 192 (3d Cir. 1982); *Letelier v. Department of Justice,* C.A. No. 79–1984 (D.D.C. 31 March 1982); *Holy Spirit Ass'n v. Department of State,* 526 F.Supp. 1022 (S.D.N.Y.1981); *Church of Scientology v. Department of State,* 493 F.Supp. 418 (D.D.C.1980); *Serbian Eastern Orthodox Diocese v. Department of State,* C.A. No. 77–1413 (D.D.C. 30 Dec. 1977).

**14.** *Compare Holy Spirit Ass'n,* 526 F.Supp. at 1030–31 (statute qualifies under Exemption 3(A)) *with Serbian Eastern Orthodox Diocese,* C.A. No. 77–1413, *slip op.* at 4 (statute qualifies under Exemption 3(B), but not under Exemption 3(A)).

**15.** *American Jewish Congress v. Kreps,* 574 F.2d 624, 628 (D.C.Cir.1978).

**16.** Matters covered by section 222(f) "shall be considered confidential." 8 U.S.C. § 1202(f) (1976).

**17.** *Id.*

**18.** 5 U.S.C. § 552(b)(3)(A) (1976) (emphasis added).

**19.** Our holding with respect to Exemption 3(A) is a narrow one and applies only to this statute which contains an express and comprehensive confidentiality requirement. A statute which allows disclosure to courts under other conditions or to other "non-public" parties may or may not be covered by Exemption 3(A), depending on the exact nature of the statute. Nor do we find, as the Department suggests, that this case is controlled by *Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856 (D.C.Cir.1981). In *Fund for Constitutional Government* this court held that Rule 6(e) of the Federal Rules of Criminal Procedure was an Exemption 3(A) statute even though it permitted disclosure to government personnel and to a court under certain circumstances. The appellant in that

as a withholding statute under Exemption 3(A).[20]

█ Section 222(f) also qualifies under Exemption 3(B).[21] A statute qualifies under this portion of Exemption 3 if it "establishes particular criteria for withholding or refers to particular types of matters to be withheld."[22] On its face, section 222(f) meets the latter of these two requirements. It requires the Secretary to withhold "records of the Department of State and of diplomatic and consular offices of the United States *pertaining to the issuance or refusal of visas or permits to enter the United States.*"[23] As the Third Circuit held in a case presenting this identical issue, "[t]his category of information is sufficiently delimited to fit within the statutory [Exemption 3(B)] language."[24]

Our conclusion that section 222(f) qualifies under Exemption 3(B) is also consistent with the policy behind the exemption. The limitations contained in subsections (A) and (B) of Exemption 3 were added to FOIA in 1976 in an effort to overrule legislatively the Supreme Court's decision in *Administrator, FAA v. Robertson.*[25] In *Robertson* the Supreme Court held that the pre-1976 version of Exemption 3 covered a statute which vested the administrative agency with broad discretion to determine whether information should be disclosed. By including the proviso comprising subsections (A) and (B) in the present version of the statute, Congress sought to "assure that basic policy decisions on governmental secrecy be made by the Legislative rather than the Executive branch."[26] Section 222(f) limits the Secretary's withholding authority to a definite class of documents—those pertaining to the issuance or refusal of visas and permits. As the Third Circuit observed, "[t]he potential for widespread administrative discretion over the withholding of a

case conceded that the rule satisfied the criteria of Exemption 3 and the court merely noted its agreement with that conclusion. *Id.* at 867–68. The court did not set down a general rule that a statute which permits disclosure to everyone but the public at large is an Exemption 3(A) statute, and we do not now adopt such a sweeping rule.

**20.** Medina-Hincapie argues that the Department's actions in returning to him some of the documents in his visa application file "illustrate[] that the Department exercises unfettered discretion to withhold documents under section 222(f)." Appellant's Brief at 17. However, the Department's decision to return to Medina-Hincapie materials which had at one time or another been in his possession was based on its belief that the materials were not covered *at all* by section 222(f), not on a belief that although within the scope of the statute, the materials were nevertheless disclosable. The Department therefore returned the materials on the basis of its application of the *second* step of the Exemption 3 analysis—determining whether the materials are covered by the statute. These actions do not affect our decision with respect to the first step—determining whether the statute qualifies as a withholding statute. *See supra,* text at 740.

Medina-Hincapie also alleges that Department officials in Bogota showed his attorneys copies of some of the materials the Department now seeks to withhold. He argues that this exercise of "unconstrained discretion" to disclose documents at one time and withhold them later "belies the proposition that section 222(f) is an exemption 3 statute." Appellant's Brief at 18. The Department, without admitting that the materials were disclosed to Medina-Hincapie's attorneys, states that if such occurred, "the disclosure was clearly unauthorized and in violation of Section 222(f)." Appellees' Brief at 28. An *unauthorized* disclosure of documents does not change the nature of the statute, nor does it constitute a waiver of the applicable FOIA exemption. *See Safeway Stores, Inc. v. FTC,* 428 F.Supp. 346, 347 (D.D.C.1977).

**21.** Exemptions 3(A) and 3(B) are not necessarily mutually exclusive. A statute can "refer to particular matters" (Exemption 3(B)) and, at the same time, require that those matters be withheld from the public in terms that "leave no discretion on the issue" (Exemption 3(A)). Of course, a statute qualifies under Exemption 3 if it meets the requirements of either 3(A) or 3(B). *See supra,* note 10.

**22.** 5 U.S.C. § 552(b)(3)(B) (1976).

**23.** 8 U.S.C. § 1202(f) (1976) (emphasis added).

**24.** *De Laurentiis v. Haig,* 686 F.2d 192, 193 (3d Cir.1982).

**25.** 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975).

**26.** *American Jewish Congress,* 574 F.2d at 628 (footnote omitted).

vast category of documents is simply lacking in § 222(f)." [27]

Our conclusion is further bolstered by analogous precedent from this circuit. In *Irons & Sears v. Dann* [28] this court held that section 122 of the Patent Act qualified as a withholding statute under Exemption 3(B). That statute is similar to section 222(f) in its relevant portion, which provides: "Applications for patents shall be kept in confidence ... and no information concerning the same [shall be] given without authority of the applicant ...." [29] After noting that the statute failed to meet the requirements of subsection (A) because it authorized the agency to disclose the information to the public "in such special circumstances as may be determined by the Commissioner," [30] the court observed that "Section 122 does satisfy the second prong [of Exemption 3(B)] because it 'refers to particular types of matters to be withheld'—namely, patent applications and information concerning them." [31] A reference to "patent applications and information concerning them" is not any more particularized than one to visa applications and information concerning them—the scope of matters to be withheld under section 222(f).

Despite the force of the analysis outlined above, Medina-Hincapie argues that we should hold that section 222(f) does not qualify under Exemption 3 because the leg-

islative history of Exemption 3 indicates an intent to exclude section 222(f) from its coverage. We find this argument unpersuasive. The legislative history of Exemption 3 is, at best, inconclusive with respect to the argument advanced by Medina-Hincapie. Indeed, the one circuit court that has considered that history in great detail [32] arrived at the opposite conclusion, finding that the legislative history indicated that "Congress intended § 222(f) *to qualify* as an exempting statute under exemption 3(B)." [33] While we are not as confident that the legislative history of Exemption 3 expressly evidences an intent to bring section 222(f) within the coverage of the exemption,[34] we find nothing in it which weakens our conclusion that the statute is covered by the terms and policy of that exemption.

Having determined that section 222(f) qualifies as a withholding statute under Exemption 3, we turn to the second inquiry—whether the material requested by Medina-Hincapie is covered by section 222(f).

### B. *The Scope of Section 222(f)*

■ The applicability of section 222(f) to the matters included in Medina-Hincapie's FOIA request is clear. Indeed, the request by its terms seems to be limited to matters covered by the statute.[35] Nevertheless, Me-

**27.** *De Laurentiis,* 686 F.2d at 193–94.

**28.** 606 F.2d 1215 (D.C.Cir.1979), *cert. denied,* 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980).

**29.** 35 U.S.C. § 122 (1976).

**30.** *Id.*

**31.** *Irons & Sears,* 606 F.2d at 1220 (footnote omitted).

**32.** *De Laurentiis,* 686 F.2d at 195–97.

**33.** *Id.* at 194–95 (emphasis added).

**34.** The House Judiciary Committee report on the original version of the bill expressly noted that § 222 came within that version of Exemption 3(B). H.R.Rep. No. 94–880, Part II, 94th Cong., 2d Sess. 14–15 n. 2, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2224–25. However,

that version was subsequently amended. Since the exact reason for the amendment is not entirely clear, we hesitate to rely on the statement as support for our decision. At the same time, however, there is no indication that the change was intended to eliminate statutes such as § 222(f). Indeed, the other statute referred to in the note in the House Judiciary Committee report (50 U.S.C. § 403(d)(3)) has repeatedly been held to be a withholding statute under Exemption 3, notwithstanding the subsequent amendment. *E.g., Halperin v. CIA,* 629 F.2d 144, 147 (D.C.Cir.1980); *Goland v. CIA,* 607 F.2d 339, 349–50 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

**35.** Medina-Hincapie requested "all notes, memoranda, correspondence, and other records *relating in any way to Mr. Medina-Hincapie's visa application or its denial ....*" Plaintiff's Complaint for Injunctive Relief, Exhibit A at 1

dina-Hincapie argues that the requested information is not specifically exempted from disclosure by section 222(f) because the statute merely requires that the information be considered confidential, it does not prevent disclosure to the applicant, who is already aware of the information. Therefore, Medina-Hincapie concludes, the information he requests is not covered by section 222(f) and Exemption 3 does not apply. We once again find appellant's argument less than persuasive.

Medina-Hincapie's reading of the statute is unduly restrictive. The scope of section 222(f) is not limited to information supplied by the visa applicant, it includes information revealing the thought-processes of those who rule on the application.[36] Thus, while the statute may reflect a desire to protect the privacy of the applicant, as Medina-Hincapie suggests, it also evidences an intent to maintain the confidentiality of the decision-making process. It would be unreasonable to read the statute in such a way that would expose the inner workings of the State Department to a visa applicant merely because he was the subject of the decision. Accordingly, we hold that section 222(f) prevents visa applicants from obtaining more material than Medina-Hincapie has received in this case [37] and that the Department was justified in denying the remainder of his request under Exemption 3 of FOIA.

### III. CONCLUSION

Section 222(f) expresses Congress' belief that information pertaining to visa issuances and denials should be kept from the public. Exemption 3 of FOIA precludes a visa applicant from circumventing that congressional directive by the use of a FOIA request. The district court therefore correctly granted judgment in favor of the State Department, and that judgment is accordingly

*Affirmed.*

---

(emphasis added). Section 222(f) covers *"records ... pertaining to the issuance or refusal of visas ...."* 8 U.S.C. § 1202(f) (1976) (emphasis added).

**36.** Section 222(f) is not limited to information contained in a visa *application* (information supplied by the applicant), it covers records pertaining to the *approval* or *denial* of the application.

**37.** Medina-Hincapie did receive some documents in response to his request. *See supra,* text at 739. *See also supra* note 20.