**Albert H. MEYERHOFF, Plaintiff,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

**No. C–89–1433 SAW.**

United States District Court,
N.D. California.

Jan. 9, 1990.

Patti Goldman, Alan Morrison, Public Citizen Litigation Group, Washington, D.C., Albert H. Meyerhoff, Natural Resources Defense Council, San Francisco, Cal., for plaintiff.

Elizabeth Pugh, Jason Baron, Dept. of Justice, Civil Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

On November 27, 1985, plaintiff filed a Freedom of Information Act ("FOIA") request with defendant, seeking copies of all financial disclosure statements submitted from January 1, 1981 through November 27, 1985 by members of defendant's Science Advisory Board and Scientific Advisory Panel. Defendant denied the request, and plaintiff appealed, narrowing his request to information relating to the members' financial involvement in the petrochemical or pesticide industries. On May 13, 1988, defendant denied the appeal, stating that the requested information is exempt from disclosure under FOIA.

Plaintiff brings suit, alleging a right to disclosure of the financial information under both FOIA, 5 U.S.C. § 552, and the Federal Advisory Committee Act, 5 U.S.C. App. 2. Plaintiff seeks disclosure of the identity, but not the amount, of each advisory committee member's financial ties to the petrochemical and pesticide industries. Defendant claims that the requested information is exempt from disclosure under Exemptions 3, 4, and 6 of FOIA, 5 U.S.C. § 552(b)(3), (4), and (6).

The parties have filed cross-motions for summary judgment. Because no material facts are in dispute, this case can be resolved as a matter of law. For the reasons set forth below, the Court finds that defendant is entitled to withhold the information, and thus grants summary judgment for defendant.

## I.

■ FOIA Exemption 3 provides that an agency is not required to disclose matters that are specifically exempted from disclosure by some other statute. 5 U.S.C. § 552(b)(3)(A). This exemption "embraces only those statutes leaving no room for administrative discretion to disclose." *Long v. United States Internal Revenue Service*, 742 F.2d 1173, 1179 (9th Cir.1984). Defendant argues that the Ethics in Government Act of 1978, Pub.L. 95–521, 92 Stat. 1824, qualifies as a withholding statute under this exemption, and thus entitles it to withhold the information at issue. The Court agrees.

The Ethics in Government Act authorizes the President to require special government employees, such as the members of the Science Advisory Board and the Scientific Advisory Panel, to submit "confidential" financial disclosure reports. 5 U.S.C. App. 4 § 207(a)(1).[1] As the legislative history and a subsequent amendment to the Act make clear, Congress intended that these reports not be disclosed to the public. *See* H.R.Rep. No. 96–114(II), 96th Cong., 1st Sess. 10 (1979) U.S.Code Cong. & Admin.News pp. 144, 153, 160 ("It was intended that no public disclosure be required in the case of [members of advisory boards who serve in a part-time capacity]."); The Ethics in Government Act Amendments of 1985, Pub.L. 99–190, 99 Stat. 1325 ("Any information required to be provided by an individual under this subsection shall be confidential and shall not be disclosed to the public.").

As special government employees, members of the Science Advisory Board and Scientific Advisory Panel are required, by agency regulations, to file EPA Form 3120–1, "Statement of Employment and Financial Interests." 40 C.F.R. § 3.602. The authority for these regulations is derived from Section 207 of the Ethics in Government Act. *See* 40 C.F.R. Part 3 (preamble).

---

**1.** The original version of § 207 stated: "The President may require officers and employees in the executive branch ... not covered by this title to submit confidential reports in such form as is required by this title." 92 Stat. 1848. The current version, as amended in 1985, provides: "The President may require ... special Government employees ... to file a confidential financial disclosure report, in such form as the President may prescribe." 5 U.S.C.App. § 207(a)(1).

Plaintiff contends that Congress' use of the term "confidential" is insufficient to mandate nondisclosure to the public. It makes no sense, however, that Congress would establish a statutory reporting scheme that distinguishes between certain officials who must file public financial disclosure reports and other officials who file "confidential" reports, if it intended that the "confidential" reports would be available to any member of the public who submits a FOIA request. *Compare* 5 U.S. C.App. 4 § 205 *with id.* at § 207(a).

Plaintiff also argues that the Ethics in Government Act gives the executive branch discretion to determine whether to release the information to the public, and thus that it cannot qualify as a withholding statute under FOIA. This contention is not well-taken. Although the Ethics in Government Act provides the President with discretion to determine whether to require reports, the form of the reports, and the specific individuals who are to be covered, it does not provide discretion to disclose to the public any information that the President does require be provided. 5 U.S.C.App. 4 § 207(a); *see also Medina–Hincapie v. Department of State,* 700 F.2d 737, 741 (D.C. Cir.1983).[2]

Members of defendant's Science Advisory Board and Scientific Advisory Panel hold governmental positions of significant importance. As a matter of public policy, there appears to be no sound reason for denying plaintiff access to information which might reveal conflicts of interest. Congress, however, has seen fit to provide otherwise. Therefore, plaintiff and others in his position must look to that body for relief.

## II.

■ Plaintiff also claims that he is entitled to release of the information under the Federal Advisory Committee Act. 5 U.S.C. App. 2. Plaintiff, however, fails to allege that he made any request to defendant for release of the financial statements pursuant to the Federal Advisory Committee

Act. Therefore, plaintiff lacks standing to bring this claim. *See Public Citizen v. United States Dept. of Justice,* —— U.S. ——, 109 S.Ct. 2558, 2563, 105 L.Ed.2d 377 (1989); *Physicians' Education Network, Inc. v. Department of Health, Education and Welfare,* 653 F.2d 621, 623 & n. 3 (D.C.Cir.1981).

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendant's motion for summary judgment is GRANTED.

(2) Plaintiff's cross-motion for summary judgment is DENIED.

---

**2.** Because the Court decides that defendant is entitled to withhold the information under Exemption 3, it does not reach defendant's withholding claims under FOIA Exemptions 4 and 6.