**PHE, INC., Appellant,**

v.

**DEPARTMENT OF JUSTICE,
et al., Appellees.**

**No. 91–5047.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 14, 1992.

Decided Jan. 22, 1993.

Rehearing Denied April 7, 1993.

Theresa Chmara, with whom David W. Ogden, Washington, DC, was on the brief, for appellant.

Marina Utgoff Braswell, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, DC, were on the brief, for appellees.

Before EDWARDS, RUTH BADER GINSBURG and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

## I.

PHE, Inc. (PHE) is a national distributor of what it believes to be constitutionally protected speech. In 1989, pursuant to the Freedom of Information Act (FOIA),[1] PHE asked the Federal Bureau of Investigation (FBI) and the Department of Justice (Department) to release all documents "whose purpose at least in. part is to define or describe standards for determining whether material is obscene under federal law." J.A. at 14. The FBI responded by providing PHE with a sixteen page section from the second volume of its *Manual of Investigative Operations and Guidelines (FBI Manual).* It redacted just over a page of the disclosed section. The National Obscenity Enforcement Unit (NOEU) of the Department released portions of its *Obscenity Prosecution Manual (Obscenity Manual)* and *A Manual for Child Sexual Exploitation and Pornography Prosecution* but it withheld significant portions of both.[2]

■ In deciding to withhold information, both the FBI and the NOEU relied on exemption (b)(7)(E) of the FOIA. 5 U.S.C. § 552(b)(7)(E). Subsection (b)(7)(E) provides that government agencies need not release information gathered for law enforcement purposes "but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Id.* The FBI also relied on exemption (b)(2), which allows the government to withhold information regarding matters "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). We have held that the (b)(2) exemption is appli-

---

1. 5 U.S.C. § 552 (1988).

2. PHE informs us that it does not seek, and did not request, any materials relating to child pornography or sexual exploitation of children.

*See* Br. of Appellant at 6 n. 5. Consequently, the *Manual for Child Sexual Exploitation and Pornography Prosecution* is not at issue in this appeal.

cable to law enforcement materials, as opposed to purely administrative materials, only if disclosure of those materials would risk circumvention of the law or of agency regulations. *Crooker v. Bureau of Alcohol, Tobacco, & Firearms,* 670 F.2d 1051, 1074 (D.C.Cir.1981). Thus, under both the (b)(2) and the (b)(7)(E) exemptions, the agency must establish that releasing the withheld materials would risk circumvention of the law.

PHE exhausted its administrative remedies and brought suit to compel disclosure. Both the FBI and the NOEU moved for summary judgment. The FBI submitted the affidavit of Special Agent Angus Llewellyn in support of its motion; the NOEU submitted the affidavit of Marshall Williams, the senior attorney for the Department's Information Services Unit. PHE cross-moved for summary judgment.

The district court granted summary judgment in favor of both defendants, concluding that the government's uncontradicted affidavits demonstrate that the redacted material fell within the claimed exemptions. PHE appealed. On appeal, PHE raises two issues. First, it claims that the record and the affidavits provide an insufficient basis for the district court's determination that disclosure of the withheld material presents a risk of circumvention of the law. Second, PHE claims the district court erred in failing to conduct an *in camera* review of the redacted information.

## II.

 "[D]isclosure, not secrecy, is the dominant objective" of the FOIA. *Department of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). An agency that chooses to withhold requested information bears the burden of justifying its decision. *King v. United States Dep't of Justice,* 830 F.2d 210, 217 (D.C.Cir.1987). A district court may grant summary judgment to the government in a FOIA case only if "the agency affidavits describe the documents withheld and the justifications for nondisclosure in

enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed." *Id.* Because only the agency knows the substance of the withheld information, the agency affidavits have immense significance in a FOIA case. Both the court and the requester must look to the affidavits for an explanation of the agency's decision to withhold information. Consequently, an affidavit that contains merely a "categorical description of redacted materials coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate." *Id.* at 224; *see also Kiraly v. FBI,* 728 F.2d 273, 277 (6th Cir.1984); *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 743 (9th Cir.1979).

Here, PHE claims that the government affidavits fail to support a finding that release of the withheld information would create a risk of circumvention of the law, and, therefore, the government has not carried its burden of demonstrating that the redacted material meets the criteria of exemptions (b)(2) and (b)(7)(E) of the FOIA. We disagree with PHE with respect to the FBI's affidavit but conclude that the affidavit submitted by the NOEU is inadequate.

### A. The FBI Affidavit

The FBI identified a sixteen page section of its multi-volume *FBI Manual* as relevant to PHE's request. The section, entitled "Interstate Transportation of Obscene Matter," contained a description of federal statutory provisions relating to the transportation of obscene matter,[3] an analysis of the elements of the crime, over-all policy discussions and a discussion of jurisdiction, investigative procedures and venue. The FBI segregated a few short portions of the section (totalling approximately one page) that it considered non-releasable. It disclosed the rest—almost 15 of the 16 pages—to PHE.

 The Llewellyn affidavit submitted in support of the FBI notes that one portion

---

**3.** *See* 18 U.S.C. §§ 1462, 1464–1465, 2251–2254.

of the withheld material "detailed specific documents, records and sources of information available to Agents investigating obscenity violations, as well as the type of patterns of criminal activity to look for when investigating certain violations." Llewellyn Aff. at 3. The affidavit concludes that release of this information would risk circumvention of the law because "[k]nowing what records or documents are likely to be scrutinized by the FBI and who would be a good source of information provides violators with an opportunity to impede lawful investigations by destroying or altering evidence and possibly rendering harm to sources." *Id.* at 4. The affidavit also indicates that additional withheld information related to an investigative technique and the "attendant restrictions for the employment of such a technique in matters involving the sexual exploitation of children." *Id.* at 5. Llewellyn claimed that the FBI invoked the (b)(7)(E) exemption to withhold the information because its disclosure "would enable an individual under investigation to know who would be interviewed, what could be asked, and what records or other documents would be reviewed." *Id.*

In view of the specificity of the affidavit and the limited amount of information withheld by the FBI, we believe that the FBI has established the correctness of its (b)(2) and (b)(7)(E) exemption claims. The substance of the withheld information is clear from the descriptions in the affidavit. The affidavit also demonstrates logically how the release of that information might create a risk of circumvention of the law. For example, release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts. Moreover, even a cursory review of the released material provides enough context to conclude that the FBI fairly and accurately described the withheld material

and the danger created by its release. Accordingly, we affirm the district court's grant of summary judgment to the FBI.

### B. The NOEU Affidavit

In contrast to the FBI, the NOEU redacted vast sections of its *Obscenity Manual,* notwithstanding Williams' admission in his affidavit that the *Manual* was designed to provide "a step by step analysis of the law." Williams Aff. at 5. In fact, the titles of many of the withheld chapters include the elements of obscenity law as set forth by the Supreme Court. *See Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).[4] These titles include: "The Law of Obscenity: The Test Presented," "The 'Average Person' and 'Community Standards,'" "Knowledge," "Serious Value," "Patent Offensiveness" and "Prurient Interest."

Despite the fact that the NOEU withheld these sections in their entirety, the Williams affidavit provides almost no reason for the action. It describes the six chapters whose titles are set forth above in only one sentence: "The next six chapters provide guidance for the prosecutor in handling the elements of obscenity offenses, suggest potential problems and solutions, and provide digests of applicable case and statute law." Williams Aff. at 5.

■ The NOEU's description of other withheld material also establishes no adequate basis for its decision. For example, the NOEU stated that chapter 1 of the *Obscenity Manual* contained "a simple discussion of search and seizure law, a discussion of investigative strategy, and a digest of useful caselaw." *Id.* But the affidavit does not explain why the agency could not release at least the portions of chapter 1 containing the discussion of search and seizure law and the digest of useful caselaw. Material like this is precisely the type of information appropriate for release under

---

4. In *Miller,* the Supreme Court affirmed that obscene speech is not protected by the first amendment. *Miller,* 413 U.S. at 23, 93 S.Ct. at 2614. *Miller* created a three-pronged obscenity test, noting that material is obscene if (1) the average person applying community standards

would find that the work appeals to a prurient interest, (2) the work depicts or describes sexual conduct in a patently offensive way and (3) the work, taken as a whole, lacks serious literary, artistic, political or scientific value. *Id.* at 24, 93 S.Ct. at 2615.

the FOIA. In *Cox v. United States Dep't of Justice*, 601 F.2d 1, 5 (D.C.Cir.1979), this Court suggested that the FOIA mandates the release of materials that contain "secret law," i.e., materials that define standards for determining whether the law has been violated. Before *Cox*, the Sixth Circuit had suggested that material similar to that at issue here should be disclosed. In *Hawkes v. IRS*, 507 F.2d 481 (6th Cir.1974), the court ordered disclosure of IRS guidelines for determining what tax returns should be audited. Although the case was decided under exemption (b)(2) rather than (b)(7)(E), the court concluded that disclosure of the IRS guidelines could lead to compliance with, rather than risk circumvention of, the law.[5] *Id.* at 483.

Despite the indication that at least some of the redacted material should be released, Williams gave no adequate reason for the NOEU's decision to withhold the material. Drawing only vague conclusions, Williams asserted that release of the withheld information would provide defendants with "a crystal ball view of what they will face from the prosecution." Williams Aff. at 7. Moreover, neither the district court nor the NOEU addressed whether any of the withheld information could be segregated from exempt information and released. This failure is particularly surprising because the NOEU indicated that it could segregate certain portions of one chapter, chapter 13, and release those. *Id.* at 6. Most of chapter 13, entitled "RICO Prosecutions Based on Obscenity Violations," was in fact released because it was based on information "which was previously released." *Id.* at 5–6. Nonetheless, the NOEU redacted certain short portions containing "specific advice to prosecutors relating to sources of legal research and practical expertise in obscenity prosecutions, encouraging specific inquiries from field attorneys, and discussions of predicate offenses which may be used in prosecuting obscenity." *Id.*[6]

This Court has stated that "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). Thus, in *Schiller v. NLRB*, 964 F.2d 1205 (D.C.Cir. 1992), we reversed a grant of summary judgment to the government because the NLRB had failed to " 'correlate the theories of exemptions with the particular textual segments which it desired exempted.' " *Id.* at 1209–10 (quoting *Schwartz v. IRS*, 511 F.2d 1303, 1306 (D.C.Cir.1975)). Also in *Schiller*, we indicated that a district court clearly errs when it approves the government's withholding of information under the FOIA without making an express finding on segregability. *Id.* at 1210.

Had the NOEU submitted a more specific affidavit containing more precise descriptions of the nature of the redacted material and providing reasons why releasing each withheld section would create a risk of circumvention of the law, or had the NOEU clearly indicated why disclosable material could not be segregated from exempt material, it might have established a legitimate basis for its decision. As it is, however, the Williams affidavit is too vague and conclusory to support summary judgment in favor of the NOEU and, accordingly, we remand the NOEU portion of PHE's appeal to the district court for its further consideration.

■ Section 552(a) of the FOIA permits, but does not require, a district court to undertake an *in camera* review of withheld documents. 5 U.S.C. § 552(a). We have suggested that *in camera* review is appropriate when agency affidavits are not sufficiently detailed to permit meaningful assessment of the exemption claims. *Lam*

---

5. By discussing *Hawkes* and *Cox*, we do not imply that the NOEU must, under all circumstances, release its digests of case and statutory law. Our only point is that the Williams affidavit indicates that the NOEU withheld the type of information that might be appropriately released without demonstrating how it properly did so.

6. We make no finding that the redacted information in chapter 13 *was* properly withheld. Our point is that the NOEU released some parts of chapter 13 but withheld other chapters in their entirety without explaining why.

*Lek Chong v. United States Drug Enforcement Admin.*, 929 F.2d 729, 735 (D.C.Cir.1991). Nonetheless, *in camera* review is generally disfavored. It is " 'not a substitute' for the government's obligation to justify its withholding in publicly available and debatable documents." *Schiller*, 964 F.2d at 1209 (quoting *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1463 (D.C.Cir.1984)). On remand the district court may determine whether the NOEU has complied with PHE's disclosure request either by requiring the NOEU to provide a more specific affidavit or by reviewing the withheld documents *in camera*.

### III.

In summary, we affirm the district court's conclusion that the FBI adequately complied with PHE's disclosure request and its resulting grant of summary judgment. However, we reverse the district court's grant of summary judgment in favor of the NOEU. Because the NOEU submitted an inadequate affidavit, it did not demonstrate that the material it withheld created a risk of circumvention of the law within the (b)(7)(E) exemption. Accordingly, we remand PHE's claim as to the information sought from the NOEU to the district court and we leave it to the district court to decide whether to require a more illuminating affidavit or to conduct an *in camera* review of the material the NOEU has withheld.

*It is so ordered.*