Nicholas A. DELVISCOVO, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**Civ. A. No. 94–0172 (JR).**

United States District Court, District of Columbia.

Oct. 11, 1995.

**2**

Nicholas A. Delviscovo, Minersville, PA, Plaintiff pro se.

Sherri L. Evans, Assistant U.S. Attorney, U.S. Attorney for the District of Columbia, Washington, DC, for Defendants.

## MEMORANDUM

ROBERTSON, District Judge.

Plaintiff is a prisoner in federal custody appearing *pro se.* In this Freedom of Information Act case, he challenges the invocation by the FBI and the Executive Office of U.S. Attorneys of numerous FOIA exemptions in response to his FOIA request for information on himself. The government has moved for summary judgment as to the FBI and has moved to dismiss as to the EOUSA. For the reasons stated below, both motions will be **granted.**

Plaintiff sent FOIA requests to the FBI and to the Executive Office for U.S. Attorneys in 1992. The EOUSA provided 159 pages of records in full in 1993 and withheld 18 pages in their entirety. After further review, EOUSA turned over all the pages it had previously withheld.

The FBI's initial response was to declare all its responsive information exempt from disclosure as law enforcement material subject to FOIA Exemption (b)(7)(A). Plaintiff filed an administrative appeal. After subsequent administrative proceedings, the FBI released some documents to plaintiff and continued to withhold others.

The basis for the FBI's position, established by the affidavit of Special Agent Moran, is that the responsive documents are part of the file of an FBI racketeering investigation that was commenced in 1988 by FBI Newark, in conjunction with the New Jersey Division of Criminal Justice, that is still going on. Plaintiff was arrested as a result of that investigation. He pleaded guilty and was sentenced for narcotics violations.

■ The FBI used Exemption 2 to withhold DEA code numbers assigned to known and suspected drug violators and to withhold purely administrative and budgetary information. Exemption 2 was also invoked to protect symbol numbers and letters used internally by the FBI to identify confidential sources. According to the FBI's affiant, the release of DEA and FBI codes, identification numbers, and other internal information might severely hamper enforcement investigatory activities and allow suspects to evade apprehension by changing their criminal activity. Release of informant codes could jeopardize investigations by frightening away and/or endangering the lives of informants. Those justifications amply support the use of Exemption 2 in these circumstances. *Crooker v. Bureau of Alcohol, Tobacco and Firearms,* 670 F.2d 1051, 1074 (D.C.Cir.1981) *(en banc ).*

■ Some of the information responsive to plaintiff's request would reveal the identities of grand jury witnesses, the substance of their testimony, the strategy or direction of the grand jury investigation, and the deliberations or questions of the jurors. FOIA Exemption 3 allows the withholding of information prohibited from disclosure by other statutes, and its use here to protect grand jury information as well as information relating to the lawful interception of communications by the FBI pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 was proper. *Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 869 (D.C.Cir.

1981); *Lam Lek Chong v. DEA,* 929 F.2d 729, 733 (D.C.Cir.1991).

▮ The FBI's resort to Exemption 7 was also appropriate. Special Agent Moran's affidavit carefully identifies the subsections of Exemption 7 that are applicable:

- Exemption 7(A) was applied to a criminal investigative file concerning an ongoing criminal investigation of organized crime activities including narcotics, gambling, stolen property and loan sharking. It was properly applied.

- Exemption 7(C) was asserted to protect the identities of FBI agents responsible for conducting and/or supervising the investigative activities reported, as well as the identities of FBI support personnel and other federal law enforcement officers and the names, initials and identifying information regarding cooperating non-federal law enforcement officers. The routine withholding of identities of law enforcement personnel, as in this case, is supported by *Lesar v. Dept. of Justice,* 636 F.2d 472, 488 (D.C.Cir. 1980). No public interest supports making public such information.

- Exemption 7(D) was used here to protect against the disclosure of the identity of confidential sources. Analysis of the facts of this case using the rationale of *U.S. Dept. of Justice v. Landano,* —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), easily permits the inference that explicit assurances of confidentiality were given to sources. A major racketeering investigation focusing on groups and individuals involved in extortion, gambling, loan sharking, narcotics trafficking and interstate transportation of stolen property gives rise to such an inference without the need for elaboration.

- The use of Exemption 7(E) in this case, to protect the contents of FBI form FD–515, is well established and was proper. See *Parker v. Dept. of Justice,* 934 F.2d 375 (D.C.Cir.1991).

▮ Responding to the government's motion for summary judgment, plaintiff objects that "the government has again pressed the button on its word processor" and that the declarations of Special Agent Moran are "self-serving." He suggests *in camera* inspection of the Vaughn Index documents as a "compromise resolution." Given the repetitive nature of FOIA requests made to the FBI by prisoners, the use of word-processor generated responses is neither surprising nor improper. Reliance upon an FBI affiant's statement of reasons for the invocation of FOIA exemptions has been approved by many court decisions. *In camera* review in these circumstances is unnecessary and inappropriate.

There are no genuine disputes of material fact. Plaintiff's complaint as it applies to EOUSA is moot. The FBI is entitled to judgment as a matter of law. An appropriate order accompanies this memorandum.

### ORDER

For reasons stated in a memorandum issued today, the complaint against the Executive Office for U.S. Attorneys (EOUSA) is dismissed as moot and summary judgment is entered on behalf of the Federal Bureau of Investigation and against plaintiff.