John G. SPIRKO, Jr., Appellant,

v.

UNITED STATES POSTAL SERVICE, Appellee.

No. 97–5153.

United States Court of Appeals, District of Columbia Circuit.

Argued May 11, 1998.

Decided July 7, 1998.

Dale A. Baich, Assistant Federal Public Defender for the District of Arizona, argued the cause and filed the briefs for appellant.

Charles F. Flynn, Assistant U.S. Attorney, argued the cause for appellee, with whom Wilma A. Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney, were on the brief.

Before: HENDERSON, ROGERS and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

The main issue in this appeal is whether the district court abused its discretion in conducting an *in camera* inspection of documents requested under the Freedom of Information Act, 5 U.S.C. § 552 (1994) ("FOIA"), without first ordering the agency to produce a more detailed description of the withheld documents in accordance with *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973). John G. Spirko, Jr., appeals from the grant of summary judgment to the United States Postal Service in his FOIA action, contending that the Postal Service did not satisfy its obligation under *Vaughn* to justify its decision to withhold requested documents, and that the district court erred by reviewing the documents *in camera* rather than ordering further *Vaughn* indexing by the agency. Spirko also contends that the district court, after conducting its *in camera* inspection, erred in finding that certain documents were properly withheld pursuant to Exemption 7(C) of FOIA, which allows agencies to withhold documents compiled for law enforcement purposes whose disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Alleging that the Postal Service withheld exculpatory evidence during his criminal trial and engaged in other wrongdoing, he contends that the public interest in exposing this misconduct is sufficient to remove the documents from Exemption 7(C). We find no abuse of discretion by the district court in deciding that *in camera* review would provide the most expeditious and fair resolution of Spirko's FOIA request.

Furthermore, we agree with the district court that the requested documents are unrelated to Spirko's allegations of agency misconduct and, therefore, the documents were properly withheld under Exemption 7(C). Accordingly, we affirm.

## I.

In 1984, John Spirko was convicted in a state court for the abduction and murder of Betty Jane Mottinger, the Postmaster of Elgin, Ohio. One alleged co-conspirator, Delaney Gibson, Jr., was also indicted, but has yet to be tried. According to the Postal Service, other suspects remain at large, and the agency's criminal investigation remains open.

On March 6, 1992, Spirko requested access to documents held by the Postal Service concerning its investigation of the Mottinger murder. As subsequently explained in his court pleadings, he was evidently searching for exculpatory evidence that the Postal Service allegedly withheld at his trial. The requested records included information contained in the "desk file" of Inspector Paul M. Hartman, the case agent for the investigation, and forty pages of records referred to the Postal Service by the Federal Bureau of Investigation ("FBI") for processing. After an initial determination by the agency and an administrative appeal by Spirko, the Postal Service eventually released approximately two hundred pages, some of which had been redacted to protect the identities of suspects, witnesses, and law enforcement officials.[1] The released documents included all forty pages from the FBI referral; however, the agency withheld the majority of Inspector Hartman's desk file.

Thereafter, Spirko filed suit under the Freedom of Information Act for access to the remaining documents. The Postal Service moved for summary judgment, relying upon a declaration by Inspector Hartman that detailed the contents of his desk file and justified the withholding of certain documents under various exemptions to FOIA disclosure requirements.[2] Finding Inspector Hart-

---

1. On appeal, Spirko does not challenge the propriety of the redactions.

2. Specifically, Inspector Hartman claimed that he had properly withheld documents from his

man's declaration inadequate, Spirko moved to compel the Postal Service to submit an index with more specific details regarding the nature and approximate content of the withheld documents, pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973). The district court denied Spirko's motion and instead, relying on *Quinon v. FBI*, 86 F.3d 1222 (D.C.Cir.1996), ordered the Postal Service to submit the withheld documents from Inspector Hartman's desk file for *in camera* examination. After recounting the withheld documents and releasing several additional pages, the Postal Service ultimately delivered 472 pages for review by the court along with an affidavit specifying the page numbers of the documents it continued to withhold and the claimed exemptions for each withheld page.

Following *in camera* review, the district court granted the Postal Service's motion for summary judgment on all but three pages. The court found that most of the pages were covered by Exemption 7(C), which exempts information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."[3] 5 U.S.C. § 552(b)(7)(C). These pages were "comprised of hand-written notes about suspects and law enforcement records, primarily in the form of 'rap sheets,' fingerprints, and photos." The court also found that several pages had been properly withheld under Exemption 7(F), which covers documents whose release "could reasonably be expected to endanger the life or physical safety of any individual." *Id.* § 552(b)(7)(F). Nevertheless, the district court concluded that the government had failed to sustain its claim under Exemption 7(D) that the release of three particular pages might "reasonably be expected to disclose the identity of a confidential source ... [or] information furnished by a confidential source," *id.* § 552(b)(7)(D), and ordered the Postal Service to make a particularized showing "as to how release of [the] pages ... will

either result in the disclosure of a confidential source or reveal information furnished by a confidential source." Ultimately, the Postal Service released two of the pages in their entirety and the third in redacted form, and the district court upheld the redactions as proper.

Spirko moved to amend or alter the judgment, pursuant to Federal Rule of Civil Procedure 59(e), asserting that he could provide new evidence of wrongdoing by the Postal Service in the investigation of the Mottinger murder and his subsequent prosecution. Spirko claimed that the Postal Service had withheld exculpatory evidence from him during the course of his criminal trial, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and also alluded to other instances of misconduct at the Cleveland, Ohio, Post Office that had been a subject of congressional investigation. This evidence of wrongdoing, Spirko argued, supported his claim that releasing the documents withheld under Exemption 7(C) would promote the public interest by "shedding light on the improper operations and questionable investigative activities" of the Postal Service. The district court agreed that this was "new evidence" but, relying on its prior *in camera* inspection of the disputed documents, stated that the documents "do not confirm or refute the allegations of government misconduct." Thus, the court found no reason to alter its ruling that the withholding was proper.

## II.

Spirko's primary contention on appeal is that the district court erred by conducting an *in camera* review of the withheld documents without first requiring a more detailed affidavit from the Postal Service. He maintains that an *in camera* inspection is not an adequate substitute for a sufficient *Vaughn* index, *see Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C.Cir.1992); *Lykins v. United States*

---

desk file under Exemptions 7(A), (C), (D), and (F). *See* 5 U.S.C. § 552(b)(7).

**3.** The district court found that the Postal Service had failed to sustain its claim that many of the documents fell under Exemption 7(A), which covers "records or information compiled for law

enforcement purposes" whose release "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). These documents, however, were fully covered by Exemption 7(C). *See id.* § 552(b)(7)(C).

*Dep't of Justice,* 725 F.2d 1455, 1463 (D.C.Cir.1984), and that we should remand this case to the district court with instructions to order the Postal Service to submit a more detailed index.

■ In 1974, Congress amended FOIA to authorize district courts to "examine the contents of" requested records "in camera to determine whether such records or any part thereof shall be withheld." 5 U.S.C. § 552(a)(4)(B). This court has repeatedly explained that "[t]he decision whether to perform *in camera* inspection is left to the 'broad discretion of the trial court judge.'" *Lam Lek Chong v. DEA,* 929 F.2d 729, 735 (D.C.Cir.1991) (quoting *Carter v. United States Dep't of Commerce,* 830 F.2d 388, 392 (D.C.Cir.1987)); *accord Quinon,* 86 F.3d at 1227; *Center for Auto Safety v. EPA,* 731 F.2d 16, 25 (D.C.Cir.1984). Accordingly, we review the district court's decision to inspect the documents *in camera* only for abuse of discretion. *See Armstrong v. Executive Office of the President,* 97 F.3d 575, 577–78 (D.C.Cir.1996); *Center for Auto Safety,* 731 F.2d at 22.

Spirko contends that the district court abused its discretion by resorting to *in camera* review so hastily. By inspecting the documents *in camera* instead of ordering the government to submit a properly detailed index, Spirko contends, the court risks relieving the government of its obligations under *Vaughn,* eliminating the adversary role of the requester in defining the nature of the documents sought, and placing an undue burden on judicial resources. *See Quinon,* 86 F.3d at 1228; *Lykins,* 725 F.2d at 1463; *Vaughn,* 484 F.2d at 824–25. Thus, Spirko warns, the district court in the instant case "may have sanctioned a procedure which will encourage the government to file less-than-sufficient *Vaughn* indices" and relieve the burden on government agencies to analyze and justify the nondisclosure of withheld information. *See* 5 U.S.C. § 552(a)(4)(B); *Lykins,* 725 F.2d at 1463; *Vaughn,* 484 F.2d at 825–26.

■ Unlike the instant case, FOIA requesters commonly appeal a district court's *refusal* to inspect documents *in camera* despite the alleged insufficiency of the *Vaughn*

index. *See, e.g., PHE, Inc. v. Dep't of Justice,* 983 F.2d 248, 251–53 (D.C.Cir.1993); *Lam Lek Chong,* 929 F.2d at 735; *Carter,* 830 F.2d at 392–94. The requester usually prefers such an examination since the alternative is the district court's sole reliance on the affidavits and descriptions of the agency. Indeed, on occasion this court has remanded FOIA cases to the district court for failing to conduct an *in camera* examination. *See, e.g., Quinon,* 86 F.3d at 1232; *PHE, Inc.,* 983 F.2d at 253; *Allen v. CIA,* 636 F.2d 1287, 1299–1300 (D.C.Cir.1980). In doing so, the court has specifically noted "that *in camera* inspection may be particularly appropriate when either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims or there is evidence of bad faith on the part of the agency," when the number of withheld documents is relatively small, and "when the dispute turns on the contents of the withheld documents, and not the parties' interpretations of those documents." *Quinon,* 86 F.3d at 1228; *see also Carter,* 830 F.2d at 392–93. These factors identify circumstances under which it would be error for the district court *not* to review the documents *in camera,* but they do not present the only circumstances under which the district court may do so. As the court explained in *Ray v. Turner,* 587 F.2d 1187 (D.C.Cir.1978) (per curiam), "[i]n camera inspection does not depend on a finding or even tentative finding of bad faith. A judge has discretion to order *in camera* inspection on the basis of an uneasiness, on a doubt that he wants satisfied before he takes responsibility for a de novo determination." *Id.* at 1195. "The ultimate criterion is simply this: Whether the district judge believes that *in camera* inspection is needed in order to make a responsible de novo determination on the claims of exemption." *Id.* Thus, "in cases in which a look at the withheld material itself would be useful, we have fully approved *in camera* examination of the withheld material by the trial court." *Lykins,* 725 F.2d at 1463.

With such broad discretion vested in the district court, this court has yet to identify particular circumstances under which *in camera* inspection would be *inappropriate,*

although several concerns counsel against hasty resort to *in camera* review: "*in camera* review should not be resorted to as a matter of course, simply on a theory that 'it can't hurt.'" *Quinon,* 86 F.3d at 1228 (quoting *Ray,* 587 F.2d at 1195); *see also PHE, Inc.,* 983 F.2d at 253. Not only may *in camera* inspection place a substantial burden on judicial resources, *see Quinon,* 86 F.3d at 1228; *Allen,* 636 F.2d at 1298; *Vaughn,* 484 F.2d at 825, but when the agency has not satisfied its *Vaughn* indexing duties, *in camera* review also "deprives the FOIA requester of an opportunity to present his interpretation of the withheld documents," *Quinon,* 86 F.3d at 1228. Indeed, absent some "adversary testing," the district court may be at a disadvantage in evaluating the government's characterizations of the withheld documents. *Vaughn,* 484 F.2d at 825, 828; *see also Lykins,* 725 F.2d at 1463. Furthermore, this court has expressed concern "that a decision based on an *in camera* review may have little precedential value," *Quinon,* 86 F.3d at 1228, and may not be amenable to meaningful review by an appellate court. *See Vaughn,* 484 F.2d at 825; *cf. Summers v. Department of Justice,* 140 F.3d 1077, 1080–81 (D.C.Cir.1998).

■■■■ Consequently, this court has repeatedly observed that a district court should not undertake *in camera* review of withheld documents as a substitute for requiring an agency's explanation of its claimed exemptions in accordance with *Vaughn. See, e.g., PHE, Inc.,* 983 F.2d at 253; *Schiller,* 964 F.2d at 1209; *Lykins,* 725 F.2d at 1463. The district court "should first offer the agency the opportunity to demonstrate, through detailed affidavits and oral testimony, that the withheld information is clearly exempt and contains no segregable, nonexempt portions." *Allen,* 636 F.2d at 1298. The agency must provide a *Vaughn* affidavit explaining its reasons for withholding the documents so as to alert the FOIA requester to the nature of the documents and the claimed exemptions and allow the requester to challenge the agency's assertions. If the agency fails to provide a sufficiently detailed explanation to enable the district court to make a de novo determination of the agency's claims of exemption, the

district court then has several options, including inspecting the documents *in camera,* requesting further affidavits, or allowing the plaintiff discovery. *See id.*

Here, the Postal Service submitted a declaration from the inspector in charge of the Mottinger investigation. Inspector Hartman's declaration placed the withheld documents in three general categories: (1) suspect files, (2) letters from a confidential informant unrelated to the Mottinger case, and (3) fingerprints and palm prints of former suspects. Only the first category required further elaboration. According to Inspector Hartman's declaration, the suspect files contained information pertaining to suspects and former suspects including

> information supplied by local and state law enforcement agencies ..., narratives and computer generated printouts of criminal activity of former suspects, photographs of former suspects, criminal histories and descriptions of suspects and former suspects, an interview of a former suspect pertaining to other unrelated crimes, and inspectors' notes containing information from state, local, and federal law enforcement agencies pertaining to suspects and former suspects.

All of the information contained in these documents pertained to unrelated crimes committed by suspects other than Spirko. In his declaration, Inspector Hartman claimed that these documents were exempt from disclosure under FOIA Exemptions 7(A), (C), (D) and (F) and discussed, in general terms, the reasons why the documents fell under each exemption. A subsequent affidavit filed by the Postal Service at the time of its *in camera* submission listed the specific page numbers of·the documents completely withheld from Inspector Hartman's desk file and the exemptions claimed for each page.

■■■■ Under *Vaughn,* the government is required to provide a detailed index to the requester "itemizing each item withheld, the exemptions claimed for that item, and the reasons why the exemption applies to that

item."[4] *Lykins*, 725 F.2d at 1463 (citing *Vaughn*, 484 F.2d at 827–28); *see also Summers*, 140 F.3d at 1080. Spirko claims that the Postal Service's filings do not pass muster under this standard, but we find that the Postal Service's submissions were detailed enough that the district court did not abuse its discretion in deciding that it could inspect the disputed documents *in camera* without ordering further *Vaughn* indexing. Although Inspector Hartman's declaration is fairly sweeping in its descriptions, when coupled with· the Postal Service's subsequent affidavit, it sufficiently explains the contents of the withheld documents, the exemptions claimed for each page, the reasons for those exemptions, and the fact that none of the documents are segregable.[5] *Cf. Gallant v. NLRB*, 26 F.3d 168, 173 (D.C.Cir.1994); *Lykins*, 725 F.2d at 1463.

Spirko's objections to the district court's decision to inspect the documents *in camera* are unconvincing. First, he characterizes Inspector Hartman's affidavit as conclusory and vague, yet he does not indicate what more the Postal Service could have stated without revealing the information it sought to protect. Clearly, "there are occasions when extensive public justification would threaten to reveal the very information for which a FOIA exemption is claimed," particularly in the context of law enforcement records. *Lykins*, 725 F.2d at 1463. Moreover, Spirko has failed to indicate how additional information could have provided further support for his arguments before the district court or altered his response to the agency's claimed exemptions.[6] Without suggesting how he has been harmed by the insufficiency of the Postal Service's *Vaughn* filings, we have no basis to conclude that Spirko's participation in the adversary process was compromised.

Spirko also maintains that the district court should not have assumed the burden of reviewing the disputed documents *in camera*. The district court concluded, however, that its review of the withheld documents would not burden judicial resources; indeed, it stated that the alternative—further *Vaughn* indexing—would not advance the "just, speedy and inexpensive determination" of the case. Although the documents totaled 472 pages, the vast majority consisted of easily perused fingerprints, palm prints, photographs, and criminal "rap sheets" of suspects and former suspects. Only a few pages contained handwritten notes or telephone messages that could require careful review by the district court. Under the circumstances, the district court acted within its discretion in denying Spirko's motion for further *Vaughn* indexing and proceeding instead to an *in camera* inspection of the documents. *Cf. Lykins*, 725 F.2d at 1464.

## III.

▮ Spirko's challenge to the district court's finding that the bulk of the withheld documents had properly been withheld under Exemption 7(C) of FOIA merits only brief discussion. This court reviews *de novo* a "grant of summary judgment in favor of an agency which claims to have complied with FOIA," *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 889 (D.C.Cir. 1995), and we have no occasion to disagree with the district court's decision to grant summary judgment to the Postal Service.

▮ Under Exemption 7(C), which covers "records or information compiled for law enforcement purposes" whose disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), an agency can with-

---

4. The form of the *Vaughn* index is unimportant and affidavits providing similar information can suffice. *See Gallant v. NLRB*, 26 F.3d 168, 172–73 (D.C.Cir.1994); *Lykins*, 725 F.2d at 1463.

5. We do not decide whether the Postal Service's submissions would have been sufficient for the district court to make a de novo determination on the claimed exemptions without *in camera* inspection of the documents.

6. At oral argument, counsel for Spirko suggested that a more detailed *Vaughn* index could have

indicated the number of suspects and witnesses mentioned in the withheld documents, their activities, and the precise number of pages that were comprised solely of fingerprints or palm prints. Even if such detailed information would normally have been included in the Postal Service's *Vaughn* index, Spirko has not explained how such information would have helped his case or aided the district court in evaluating the agency's claimed exemptions.

hold information "if the privacy interest at stake outweighs the public's interest in disclosure." *Nation Magazine,* 71 F.3d at 893; *accord United States Dep't of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 762, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Furthermore, this court has held that "when ... governmental misconduct is alleged as the justification for disclosure, the public interest is 'insubstantial' unless the requester puts forward 'compelling evidence that the agency denying the FOIA request is engaged in illegal activity' and shows that the information sought 'is necessary in order to confirm or refute that evidence.'" *Davis v. United States Dep't of Justice,* 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1205–06 (D.C.Cir.1991)).

After performing the balancing analysis appropriate under Exemption 7(C), the district court found that the documents for which the Postal Service claimed the exemption—452 of the 472 pages submitted for *in camera* inspection—were properly withheld from disclosure. The district court recognized the strong privacy interests of the suspects and law enforcement officers identified in the withheld documents and found that Spirko had failed to assert any "clear public interest consideration to weigh against" these interests. Spirko then offered "new evidence" of agency wrongdoing as a justification for disclosure, but the district court found that this evidence did not alter the balance, for none of the requested documents either confirmed or refuted Spirko's "allegations of government misconduct." *Cf. id.* at 1282.

Upon our *de novo* review of the documents submitted *in camera,* we agree with the district court. The vast majority of withheld pages consist of fingerprints, palm prints, photographs of former suspects, and computerized printouts of their criminal histories.

The documents also include notes or phone messages concerning witnesses, suspect interviews, and discussions with law enforcement officers. None of the materials relate to the exculpatory information that Spirko claims was wrongfully withheld from him. Neither do they have any bearing on other alleged instances of misconduct by the Postal Service. All this was clearly and correctly explained in the district court's memorandum opinion. Hence, Spirko's challenge to the district court's determination that the Postal Service properly withheld 452 pages under Exemption 7(C) is to no avail.

■ Accordingly, because the district court did not abuse its discretion in denying Spirko's motion for further *Vaughn* indexing and conducting an *in camera* review of the documents withheld from Inspector Hartman's desk file, and because the district court properly determined that Exemption 7(C) barred disclosure of the bulk of these documents, we affirm the judgment.[7]

---

7. At oral argument and in a post-argument submission, Spirko contended that the district court erred by approving the Postal Service's withholding of entire documents without making specific findings as to whether each document contained segregable portions that could be released. *See Powell v. United States Bureau of Prisons,* 927 F.2d 1239, 1242 (D.C.Cir.1991). Spirko, however, never squarely presented this argument in any of his briefs and therefore failed to raise it properly for review. *See Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983); *see also* FED R.APP. P. 28(a)(6). In any case, we agree with the district court's explicit statement that the withheld documents are not segregable because their "nature ... does not allow for effective redaction."