# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 20-5120

September Term, 2020

FILED ON: MARCH 23, 2021

ERIC L. LEWIS,

APPELLANT

v.

UNITED STATES DEPARTMENT OF THE TREASURY AND FINANCIAL CRIMES ENFORCEMENT NETWORK,

APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-00943)

Before: SRINIVASAN, *Chief Judge*, ROGERS, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

## <u>J U D G M E N T</u>

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d).

It is **ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

## I.

Appellant, Eric L. Lewis, filed an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of records withheld by the Department of the Treasury and the Financial Crimes Enforcement Network ("FinCEN" or "Agency"). FinCEN is a bureau in the Department of the Treasury that works with domestic and foreign law-enforcement agencies to combat money laundering and the financing of terrorism.

In 2015, FinCEN found an Andorran bank to be of "primary money laundering concern"

1

and exercised its authority under the USA PATRIOT Act to initiate a rulemaking proposing to limit the bank's ability to transmit funds through the United States. *See* 31 U.S.C. § 5318A. Foreign officials subsequently initiated investigations and law-enforcement proceedings against the bank.

Appellant is an attorney who represented shareholders of the bank in a separate, unsuccessful challenge to FinCEN's action against the bank. *See Cierco v. Mnuchin*, 857 F.3d 407, 410 (D.C. Cir. 2017). In 2016, Lewis filed a FOIA request seeking communications "between FinCEN and any department or division of the Government of Andorra and/or communications within FinCEN or with any other U.S. agency or with any department [or] division of the Government of Spain" regarding any of fifteen named individuals who were "former or present representatives of the governments of Spain and Andorra." Joint Appendix ("J.A.") 12, ¶ 16; J.A. 18. FinCEN withheld numerous documents responsive to Lewis's request, on the grounds that they were protected from disclosure by various exemptions under FOIA. After Lewis filed suit, the District Court granted the Agency's motion for summary judgment and denied Lewis's cross-motion for summary judgment, finding the Agency had met its obligations under FOIA. *See Lewis v. U.S. Dep't of the Treasury*, No. 17-cv-00943 (DLF), 2020 WL 1667656, at *1 (D.D.C. Apr. 3, 2020). Appellant now appeals the judgment of the District Court.

Lewis claims (1) the Agency's proffered justifications for withholding records are inadequate with respect to FOIA Exemptions 7(A), 7(D), and 5; (2) the Agency did not comply with its obligation to produce reasonably segregable, non-exempt information; and (3) the District Court erred by declining to conduct *in camera* review of the withheld documents.

## II.

We review the District Court's summary judgment decision *de novo*. *Murphy v. Exec. Off. for U.S. Att'ys*, 789 F.3d 204, 208 (D.C. Cir. 2015). "The agency bears the burden of establishing that a claimed [FOIA] exemption applies." *Citizens for Resp. & Ethics in Wash. v. DOJ*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) ("*CREW*") (citations omitted). In defending a refusal to release records pursuant to FOIA, an agency may submit affidavits or declarations that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Id.* (citations omitted).

## III.

FOIA Exemption 7(A) protects from disclosure "records or information compiled for law enforcement purposes" to the extent that production "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). An agency may invoke Exemption 7(A) only if an enforcement proceeding is "reasonably anticipated" or "pending at the time of [a court's] decision, not only at the time of the initial FOIA request." *CREW*, 746 F.3d at 1097 (citation omitted).

FinCEN withheld 25 groups of documents under Exemption 7(A). FinCEN's Vaughn

2

Index explicitly identifies 18 of these groups as related to pending proceedings involving the Andorran bank. FinCEN also submitted declarations affirming that the other seven groups, save for one document, are related to ongoing foreign proceedings concerning "the facts underlying [FINCEN's rulemaking], and persons related to [the Andorran bank]." J.A. 172. The remaining document was properly withheld under Exemption 7(D), discussed below. *See* J.A. 248-49 (identifying Document 868 as withheld under Exemptions 7(A) and 7(D)); J.A. 314 n.2 (explaining that Document 868 should have been omitted from a previous declaration's list of documents withheld under Exemption 7(A)). FinCEN explained how release of all documents withheld under Exemption 7(A) would likely interfere with the ongoing proceedings, for instance, by revealing the scope and focus of those investigations and by chilling cooperation between FinCEN and its foreign counterparts. On the record at hand, and in view of the deference given to an agency's predictive judgment that disclosure will harm ongoing proceedings, *CREW*, 746 F.3d at 1098, there is no doubt that FinCEN met its burden with respect to Exemption 7(A).

## IV.

The first portion of FOIA Exemption 7(D) protects from disclosure "records or information compiled for law enforcement purposes" that "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis." 5 U.S.C. § 552(b)(7)(D). A source is considered confidential if it "provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred." *Labow v. DOJ*, 831 F.3d 523, 530 (D.C. Cir. 2016) (citation omitted).

FinCEN withheld 31 groups of documents under Exemption 7(D). The Agency explained in a declaration that the information in these documents was provided from foreign agencies either pursuant to express confidentiality agreements or in circumstances where an assurance of confidentiality could reasonably be inferred. FinCEN further explained that, because the information is so closely tied to those foreign agencies and their sources, revealing the substance of the information would likely reveal the identity of confidential sources. We conclude that, on this record, FinCEN met its burden under Exemption 7(D).

## V.

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). This includes documents "shielded from civil discovery," including those protected by the "'deliberative process' privilege." *Petroleum Info. Corp. v. U.S. Dep't of the Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citation omitted). "The deliberative process privilege protects agency documents that are both predecisional and deliberative." *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (citation omitted).

The Agency withheld in full several groups of documents pursuant to both Exemption 5 and Exemptions 7(A) or 7(D). Because these documents were properly withheld under Exemption

7(A) or 7(D), it is unnecessary to consider Appellant's arguments regarding Exemption 5. Only two groups of documents were withheld in full under Exemption 5 alone: (1) drafts of a document eventually published in the Federal Register, containing redline edits and comments conveying the authors' opinions regarding the draft language, and (2) emails between FinCEN officials discussing issues related to posting comments on notices in the action against the Andorran bank pursuant to 31 U.S.C. § 5318A. The Agency's submissions adequately establish that these documents are predecisional and deliberative and, thus, were properly withheld under Exemption 5.

Appellant also challenges one group of documents that was withheld in part pursuant to Exemption 5. The Agency properly redacted the documents, because they contained Agency officials' opinions regarding the content of a weekly report.

## VI.

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). However, an agency may withhold non-exempt portions of a record that are "inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) (citation omitted). Agencies are "entitled to a presumption" that they met their obligation to disclose all reasonably segregable material. *Hodge v. FBI*, 703 F.3d 575, 582 (D.C. Cir. 2013) (citation omitted).

Here, FinCEN's Vaughn Index and declarations attest that the Agency released all segregable material. FinCEN described each record and explained what information it withheld, in some cases providing redacted versions. Appellant points to nothing in the record that calls into question the presumption that the Agency fulfilled its obligation to disclose reasonably segregable material.

## VII.

The court applies the abuse-of-discretion standard to review a District Court's decision regarding whether to conduct *in camera* review. *Juarez v. DOJ*, 518 F.3d 54, 60 (D.C. Cir. 2008) (citation omitted). *In camera* review is appropriate (1) when an agency's affidavits or declarations are conclusory, failing to describe the withheld documents or justifications for withholding "in sufficient detail to demonstrate that the claimed exemption applies," or (2) "if there is evidence of agency bad faith." *Carter v. U.S. Dep't of Com.*, 830 F.2d 388, 392-93 (D.C. Cir. 1987). Neither circumstance applies here. The District Court did not abuse its discretion in declining to conduct *in camera* review of the disputed documents.

Consistent with the foregoing, we affirm the judgment of the District Court. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41

4

**Per Curiam**

                               **FOR THE COURT:**
                               Mark J. Langer, Clerk

BY:  /s/
       Daniel J. Reidy
       Deputy Clerk